UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROMANUS CASTRO,

               Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                    06-CV-3853 (ENV)

      -against-

HANK AZARIA; WILLIAM MORRIS
AGENCY; SHOWTIMES NETWORKS
INC., BOB LOWRY; SONY PICTURES
ENTERTAINMENT; 50 CANNON
ENTERTAINMENT,

               Defendants.
----------------------------------------------------------x
VITALIANO, United States Magistrate Judge.

     Plaintiff, proceeding *pro se,* brings this action alleging copyright infringement. For the reasons stated below, plaintiff is hereby directed to submit a second amended complaint.

## BACKGROUND

     On August 3, 2006, plaintiff filed a complaint with this Court which alleges that the television show Huff was based on his screenplay entitled The Summit of Beauty and Love. Plaintiff further alleges that the plot and characters were nearly identical to his screenplay. By order dated August 21, 2006, plaintiff was granted leave to submit an amended complaint which sets forth the elements of a copyright infringement claim. On September 18, 2006, plaintiff submitted an amended complaint along with "Documentation of Registration" for his screenplay from the Writers Guild of America.



## DISCUSSION

In relevant part, 17 U.S.C. § 411(a) states that: "No action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). In order to establish such a claim "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 122-23 (2d Cir. 1994). The statute makes clear that "registration is a prerequisite to an action for infringement." Whimsicality, Inc. v. Rubie's Costume Co. Inc., 891 F.2d 452, 453 (2d Cir. 1989); Capitol Records, Inc. v. Wings Digital Corp., 218 F.Supp.2d 280, 284 (E.D.N.Y. 2002); see also U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d 158, 169 (S.D.N.Y. 2001) (contending that "[t]he statute and Second Circuit precedent explicitly require registration as a prerequisite to an infringement claim"); Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc., 49 F.Supp.2d 673, 677 (S.D.N.Y. 1999) ("district courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration or its denial from the Copyright Office.").

## CONCLUSION

Plaintiff was directed by this Court's August 21, 2006 order, to file an amended complaint which states whether he has a copyright for his screenplay. Plaintiff annexes to his amended complaint a registration for his screenplay from the Writers Guild of America, but fails to state whether he obtained a copyright for the screenplay. Registration of the screenplay with the Writers Guild of America does not take the place of registering with the Library of Congress,

U.S. Copyright Office.[1] Accordingly, as discussed in this Court's prior memorandum and order, plaintiff has failed to state a claim upon which relief may be granted under the Copyright Act. In an abundance of caution however, and in deference to plaintiff's *pro se* status, the Court grants plaintiff one final opportunity to amend his complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file a second amended complaint, he must set forth the elements of a copyright infringement claim. Specifically, plaintiff must state whether or not he has a copyright for his screenplay and if so, whether the copyright is registered in accordance with the copyright statute.

The amended complaint must be captioned as a "Second Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
September 29, 2006

---

[1] See Writers Guild of America website: http://www.wgawregistry.org/webrss/regfaqs.html.